in the hands of the secretary of state, but they discovered that Weil & Gugenheim had assigned that money to a Cincinnati firm. The contest was between the Columbus and Cincinnati creditors mentioned. The common pleas of Franklin county decided that the money belonged to Burgunder Bros., under the attachment.

PER CURIAM.

This judgment is reversed. The $500, deposited with the secretary of state under the statute, is for the purpose of securing the purchasers of goods from being defrauded. The deposit is required to make it possible for customers of these places to recover if they get swindled on the goods.

---

## OPERATIVES—TRAVELING SALESMAN.

[Hamilton Circuit Court.]

Cox, Smith, and Swing, JJ.

GREENLEE v. SLOAN'S ASSIGNEE.

TRAVELING SALESMAN NOT AN "OPERATIVE."
     A traveling salesman is not an "operative" within the meaning of sec. 6355, Rev. Stat., relating to preferences.

ERROR to the Court of Common Pleas of Hamilton county.

PER CURIAM.

In this case Greenlee presented a claim for services as a traveling salesman, and claimed that his claim was one entitled to preference under the law providing for the preference of the claims of operatives. This was denied by the assignee, and the preference was refused. Hence the suit. The circuit court holds that when the first law providing for the preference of the claims of operatives was enacted, it contained the words "by an operative" after the words "services performed." When the law was amended it was provided that any person performing services for an assignor should be preferred. Still later, when the law was changed so as to be as it now stands, the words "an operative" were again put into the law. The court therefore says that there must have been a meaning intended to be given to the word "operative," and the common acceptance of the meaning of the term causes the court to decide that a traveling salesman is not an operative within the meaning of the law. The judgment of the lower court was, therefore, reversed.